**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4194-16T1

K.V.H.

    Plaintiff-Respondent,

v.

W.S.H,

    Defendant-Appellant.

_____

        Argued September 12, 2018 – Decided September 27, 2018

        Before Judges Yannotti and Gilson.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-0119-15.

        W.S.H., appellant, argued the cause pro se.

        Peter G. Bracuti argued the cause for respondent (Gomperts Penza & McDermott, LLC, attorneys; Peter G. Bracuti, on the brief).

PER CURIAM

Defendant W.S.H.[1] appeals from certain provisions of arbitration awards that were incorporated into an April 11, 2017 dual final judgment of divorce (Final Judgment). We dismiss the appeal because defendant did not seek to vacate, modify, or correct the arbitration awards in the trial court as required by the New Jersey Arbitration Act (Act), N.J.S.A. 2A:23B-1 to -32.

I.

Plaintiff and defendant were married in 1993, they are both attorneys, and they have three children. In July 2014, plaintiff filed a complaint for divorce. Defendant responded with an answer and a counterclaim. The parties, thereafter, filed a series of pretrial motions, engaged in discovery, and extensively litigated their disputes.

On July 26, 2016, the parties entered into an arbitration agreement and a mediation agreement. The parties selected a retired Superior Court judge to serve as both the mediator and arbitrator and, in a separate written agreement, approved that dual role. When the parties entered into those agreements, they were each represented by their own legal counsel. The arbitration agreement provides that it is governed by the Act.

---

[1] We use initials for the parties to protect their privacy interests. R. 1:38-3(d).

A-4194-16T1

After entering into the agreements, the parties resolved certain issues through mediation. They incorporated their mediated agreements into a "Binding Agreement," dated September 28, 2016 (the Binding Agreement).

In January 2017, the parties began arbitrating other issues. Arbitration hearings were conducted and, on March 8, 2017, the arbitrator issued a written award resolving a number of issues related to the parties' divorce (the March 2017 Arbitration Award).

On April 4, 2017, the arbitrator issued a separate written decision addressing attorneys' fees and awarded plaintiff $22,000 in fees (the April 2017 Fee Arbitration Award). That same day, the arbitrator confirmed that the parties had resolved disputes concerning the distribution of certain personal property. Thus, on April 4, 2017, the arbitrator also issued a written confirmation of that resolution.

On April 11, 2017, the parties, with their attorneys, appeared in the Family Part. The court heard testimony from the parties and entered the Final Judgment. By consent of the parties, the March 2017 Arbitration Award was "confirmed and incorporated into" the Final Judgment. The parties also consented to incorporate into the Final Judgment the Binding Agreement, the April 2017 Fee Arbitration Award, and the resolution of the distribution of personal property.

A-4194-16T1

With regard to the resolution concerning the distribution of personal property, the parties agreed to some additional modifications. The Final Judgment then stated:

> The parties are directed to comply with the terms of the Arbitration Decision and the September 28, 2016 Binding Agreement, with the understanding that the Court took no testimony as to the merits of the Binding Agreement and Arbitration Decision and makes no judgment with respect to it, except that the parties freely and voluntarily entered into arbitration, and that it is therefore binding and enforceable, with neither party waiving any and all remedies pursuant to the Arbitration Act [(N.J.S.A. 2A:23B-1 to -32)]; . . . .

In connection with the entry of the Final Judgment, both parties were questioned about the Judgment and all of the incorporated awards and agreements. Under oath, both parties confirmed that (1) they had freely and knowingly entered into the arbitration agreement; (2) the March 2017 Arbitration Award was being "confirmed and incorporated" into the Final Judgment; and (3) the April 2017 Fee Arbitration Award was being incorporated into the Final Judgment.

In that regard, defendant testified:

> [Defense Counsel]: Okay. And now I'm going to show you Exhibit C, which is the arbitration decision, and the arbitration decision came about after numerous appearances before [the arbitrator] for arbitration; correct?

4

[Defendant]: Correct.

[Defense Counsel]: Okay. And this agree - - this arbitration decision, today, is being confirmed today, and incorporated into the judgment of divorce, but by doing so, you're aware that you're not waiving any rights and remedies that you have under the arbitration act, you're aware of that?

[Defendant]: Yes.

....

[Defense Counsel]: okay. And attached as Exhibit E is the fee decision that is also being incorporated into the judgment of divorce that's being entered today. You're aware of that?

[Defendant]: Yes.

[Defense Counsel]: And by it being incorporated you're not waiving your right under the Arbitration Act to appeal or move for reconsideration - - or whatever your rights may be under that act, you're not waiving them by that being included in here. You're aware of that?

[Defendant]: Yes.

Defendant was then questioned by the court:

[The Court]: Mr. - - Mr. [W.S.H], do you understand that the Court has not read the agreement, and is not going to make any ruling on the substance of the agreements, but is only going to look to determine whether or not you believe them to be fair and equitable, and whether you entered them knowingly, freely, and voluntarily. Do you understand that?

A-4194-16T1

[Defendant]: Yes, I understand that, Your Honor.

[The Court]: Okay. Do - - do you believe the agreements to be fair and equitable to you?

[Defendant]: Yes.

[The Court]: Did you enter them knowingly, freely and voluntarily?

[Defendant]: Yes.

[The Court]: Okay. Did anyone threaten or coerce you into entering the agreements?

[Defendant]: No.

[The Court]: Okay. And do you agree to be bound by the agreements?

[Defendant]: Yes.

[The Court]: And do you understand that agreements that are incorporated into the final judgment of divorce will be enforceable as court orders?

[Defendant]: Yes.

[The Court]: Okay. Do you have any questions for the Court?

[Defendant]: No, Your Honor.

Based on the testimony of both parties, the family judge found that both plaintiff and defendant entered into the arbitration agreement knowingly, freely and voluntarily. The judge then entered the Final Judgment, which incorporated

6

the March 2017 Arbitration Award and the April 2017 Fee Arbitration Award. In so doing, the court noted defendant's "reservations of right of - - of the defendant with respect to any rights he has under the arbitration statute or not - - are not waived."

At no time during the proceedings leading up to the entry of the Final Judgment did either party raise with the court any objection to the arbitration awards. Accordingly, neither plaintiff nor defendant asked the family court to vacate, modify, or correct any of the arbitration awards. The only reservation was that "neither party [is] waiving any and all remedies pursuant to the Arbitration Act[.]"

On May 3, 2017, plaintiff filed a motion to enforce the fee award. On May 26, 2017, defendant filed notice of this appeal. While this appeal was pending, on June 6, 2017, defendant filed a cross-motion to vacate the fee award. The Family Part, however, refused to rule on that motion because this appeal was pending. On August 11, 2017, the Family Part did enter an order directing defendant to pay plaintiff the fee award and denied a stay of enforcement.

## II.

On this appeal, defendant seeks to vacate the March 2017 Arbitration Award and the April 2017 Fee Arbitration Award. He contends that the March

A-4194-16T1

2017 Arbitration Award should be vacated because the arbitrator exhibited "partiality and bias" in favor of plaintiff. Defendant also asserts that the arbitrator engaged in an ex parte communication with him. In challenging the April 2017 Fee Arbitration Award, defendant contends that (1) there was no evidence supporting the award, (2) the arbitrator refused to consider relevant evidence, (3) the arbitrator did not allow defendant to be heard, present evidence, or engage in cross-examination, and (4) the fee was not supported by the record. Thus, defendant requests that we vacate both arbitration awards, select a new arbitrator, and remand for further proceedings.

We lack jurisdiction to hear this appeal and, therefore, we dismiss the appeal. See N.J.S.A. 2A:23B-28; Hogoboom v. Hogoboom (n/k/a Grimsley), 393 N.J. Super. 509, 515 (App. Div. 2007).

The parties here agreed that their arbitration was governed by the Act. The Act encourages arbitration and when, as here, the parties agree to binding arbitration, the Act limits judicial review. See Fawzy v. Fawzy, 199 N.J. 456, 468 (2009) ("Arbitration can attain its goal of providing final, speedy and inexpensive settlement of disputes only if judicial interference with the process is minimized; it is, after all, meant to be a substitute for and not a springboard

for litigation." (quoting <u>Barcon Assocs., Inc. v. Tri-County Asphalt Corp.</u>, 86 N.J. 179, 187 (1981))).

Following a decision by an arbitrator, the Act allows for three types of review by a court: (1) confirmation, N.J.S.A. 2A:23B-22; (2) vacation, N.J.S.A. 2A:23B-23; or (3) modification or correction, N.J.S.A. 2A:23B-24. There is also a right to appeal, but such appeals are only from "an order or a judgment in a civil action." N.J.S.A. 2A:23B-28.

To confirm, vacate, modify, or correct an arbitration award, a party must file a summary action in the trial court or already have a pending court action. N.J.S.A. 2A:23B-5. It is only when a party has an order or judgment from the trial court either confirming, vacating, modifying, or correcting an arbitration award, that the party can seek appellate review. N.J.S.A. 2A:23B-28. In that regard, section 5 of the Act states:

> Except as otherwise provided in section 28 of this act, an application for judicial relief pursuant to this act shall be made upon commencement of a summary action with the court and heard in the matter provided for in such matters by the applicable court rules.
>
> [N.J.S.A. 2A:23B-5.]

Section 28, which addresses appeals, states:

> a.     An appeal may be taken from:

(1)	an order denying a summary action to compel arbitration;

(2)	an order granting a summary action to stay arbitration;

(3)	an order confirming or denying confirmation of an award;

(4)	an order modifying or correcting an award;

(5)	an order vacating an award without directing a rehearing; or

(6)	a final judgment entered pursuant to this act.

b.	An appeal pursuant to this section shall be taken as from an order or a judgment in a civil action.

[N.J.S.A. 2A:23B-28.]

Defendant argues that he did not waive any of his remedies under the Act and he, therefore, has the right to file this appeal. He relies on the language in the Final Judgment that states "neither party [is] waiving any and all remedies pursuant to the Arbitration Act[.]" That language, however, simply reserved whatever rights defendant had under the Act. That language did not, and could not, create a right to file an appeal seeking to vacate an arbitration award when defendant had failed to challenge the award in the trial court.

A-4194-16T1

Indeed, here the parties "confirmed" the March 2017 Arbitration Award in the Final Judgment. While defendant could appeal from that Final Judgment, he cannot raise a challenge to the arbitration award for the first time on appeal. If defendant wanted to preserve a right to appeal based on a challenge to the arbitration award, he should have first raised that challenge in the trial court.

The Act itself makes this point clear. Section 4 of the Act states that a party to an arbitration agreement may not waive or vary certain sections of the Act, including the sections dealing with confirmation of awards, vacating awards, and modifying or correcting awards. N.J.S.A. 2A:23B-4(c). Moreover, we have expressly held that parties are not "entitled to create an avenue of direct appeal to this court" from an arbitration award when the parties have failed to challenge the award in the trial court. Hogoboom, 393 N.J. Super. at 515.

Defendant contends that Hogoboom is distinguishable from the procedure of this case. He points to the fact that Hogoboom dealt with a post-judgment arbitration, while his arbitration was conducted before, and was then incorporated into, the Final Judgment. That procedural difference is not material. The material fact is that both Hogoboom and this case deal with an attempt to appeal an arbitration award without first challenging the award in the

A-4194-16T1

trial court. Consequently, the holding in <u>Hogoboom</u> directly applies and controls the outcome here.

Finally, defendant argues that the Final Judgment was entered with both the court and plaintiff understanding that an appeal would be filed. The record does not support that argument. While plaintiff and the court both made reference to the language that the parties were not waiving any and all remedies pursuant to the Act, there was no discussion of an appeal. Indeed, the family judge simply acknowledged that the reservation language was in the Final Judgment, but the judge did not attempt to interpret that language. As both the Act and our holding in <u>Hogoboom</u> make clear, whatever defendant intended, he did not have the ability to create a direct right of appeal.

The appeal is dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4194-16T1